# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TONY GROUNDS, | § |
| | § |
| Plaintiff, | § Civil Action No. |
| | § |
| v. | § |
| | § **Jury Trial Demanded** |
| BLUESTEM BRANDS | § |
| D/B/A FINGERHUT, | § |
| | § |
| Defendant. | § |

## COMPLAINT

TONY GROUNDS ("Plaintiff"), by and through his attorneys, KIMMEL *&* SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS D/B/A FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Dallas, Texas 75211.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone that he has had for at least two years.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around summer 2015 and continuing through in or about March 2016, Defendant called Plaintiff on a repeated basis on his cellular telephone.

13. Defendant called Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant was calling him using an automated telephone dialing system as he would routinely encounter a noticeable delay or pause prior to speaking to one of Defendant's callers.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring to stop Defendant's incessant calling, Plaintiff spoke to Defendant shortly after calls commenced in or around summer 2015 and insisted that Defendant stop calling him.

17. This was Plaintiff's method of revoking any prior express consent for Defendant to call him on his cellular telephone.

18. Defendant heard and acknowledged this request to stop calling by becoming agitated and abrasive in response to Plaintiff's simple instruction.

19. Once Defendant was informed that its calls were unwanted and to stop calling, all further calls could only have been made solely for the purposes of harassment.

20. Defendant proceeded to ignore Plaintiff's revocation as well as repeated instructions to stop calling his cellular telephone and continued to call him excessively through in or around March 2016.

21. Exasperated and frustrated by Defendant's steady barrage of calls, Plaintiff downloaded a blocking application onto his cellular telephone in order to stop Defendant's unwanted calls.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

25. Defendant's calls to Plaintiff were not made for "emergency purposes."

26. Defendant's calls to Plaintiff, on and after summer 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TONY GROUNDS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TONY GROUNDS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: 11/21/18

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com